THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* BERNARD STEIN, Appellant.

Argued May 16, 1951; decided July 11, 1951.

*Rudolph Stand* and *Julius Stern* for appellant.

*Frank S. Hogan, District Attorney (Richard G. Denzer, Charles W. Manning* and *Jack M. Cotton* of counsel), for respondent.

Judgment of conviction affirmed; no opinion.

Concur: LOUGHRAN, Ch. J., LEWIS, DESMOND, DYE, FULD and FROESSEL, JJ. CONWAY, J., votes to reverse and grant a new trial upon the ground that the identity of the defendant as the person who committed the homicide was not shown with sufficient certainty to preclude a reasonable possibility of error. (*People* v. *Seppi,* 221 N. Y. 62, 68; *People* v. *Davino,* 284 N. Y. 486, 489.) Chief Judge CRANE, in *People* v. *Crum* (272 N. Y. 348, 350), set forth clearly and succinctly the measure of our obligation in a capital case. He said: " A review of the facts means that we shall examine the evidence to determine whether in our judgment it has been sufficient to make out a case of murder beyond a reasonable doubt. We are obliged to weigh the evidence and form a conclusion as to the facts. It is not sufficient, as in most of the cases with us, to find evidence which presents a question of fact; it is necessary to go further before we can affirm a conviction and find that the evidence is of such weight and credibility as to convince us that the jury was justified in finding the defendant guilty beyond a reasonable doubt."

This defendant was convicted upon the altered and changed testimony of unreliable witnesses, upon conjecture and upon inferences flowing from inferences. [See 302 N. Y. 941; 303 N. Y. 627.]